# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION** | § § § § | **Case No. A-23-MC-00945-RP** (Underlying Case No. 1:18-OP-45274-DAP) |

## ORDER

Before the Court are Non-Party Texas State Agencies' Joint Motion to Quash Deposition Subpoenas and Subpoenas *Duces Tecum*, filed August 11, 2023 (Dkt. 1); Defendants' Opposed Motion to Transfer Venue, filed August 16, 2023 (Dkt. 2); Non-Party Texas State Agencies' Response to Transfer Venue, filed August 23, 2023 (Dkt. 6); and Defendants' Reply in Support of Its Motion to Transfer Venue, filed august 30, 2023 (Dkt. 7). By Text Orders entered August 21, 2023, the District Court referred the Motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   Background

These motions arise out of a "a sweeping multidistrict litigation" ("Opioid MDL") in which about 1,300 public entities, including cities, counties, and Native American tribes, seek recovery from manufacturers, distributors, and retailers of prescription opioid drugs. *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 923 (6th Cir. 2019). On December 5, 2017, the United States Judicial Panel on Multidistrict Litigation assigned the Opioid MDL to United States District Judge Dan A. Polster in the Northern District of Ohio. *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (U.S. Jud. Pan. Mult. Lit. 2017) (Case No. 17-MD-2804-DAP (N.D. Ohio)).

Relevant here, one of the cases consolidated in the Opioid MDL was brought by Tarrant County, Texas against various manufacturers, distributors, and pharmacy retailers of prescription

opioid drugs, including Kroger Co., Albertsons, Inc., CVS Pharmacy, Inc., and Walgreen Co. *Cnty. of Tarrant, Tex. v. Purdue Pharma L.P., et al.*, No. 1:18-OP-45274-DAP (N.D. Ohio) ("Tarrant County Case").[1] In April 2021, Judge Polster set the Tarrant County Case as a bellwether case for trial and permitted the parties to conduct discovery. Dkt. 1 at 16. Judge Polster appointed David Cohen as a special master to oversee the Tarrant County Case. Dkt. 2 at 6.

Defendants Kroger and Albertsons issued a series of deposition subpoenas and subpoenas *duces tecum* on several non-party Texas Agencies[2] seeking information related to opioid trafficking in Texas. The Texas Agencies move to quash the subpoenas under Rule 45(d)(3)(A), arguing that they are overbroad, unduly burdensome, seek privileged or protected information, and are barred by sovereign immunity. Defendants Kroger and Albertsons move to transfer the Motion to Quash to the United States District for the Northern District of Ohio, where the subpoenas were issued and where the Opioid MDL is pending, under Rule 45(f).[3] Tarrant County consents to the transfer, but the Texas Agencies do not. Dkt. 2 at 1 n.1.

## II.   Legal Standard

Under Rule 45(f), a court may transfer subpoena-related motions to the court of issuance only "if the person subject to the subpoena consents or if the court finds exceptional circumstances." While Rule 45 does not define "exceptional circumstances," the Advisory Committee Note states:

---

[1] CVS and Walgreens settled with Tarrant County and the State of Texas and are no longer parties. Dkt. 1 at 16-17.

[2] The Non-Party Texas State Agencies include the Employee Retirement System of Texas, Texas Board of Nursing, Texas Comptroller of Public Accounts–Texas Opioid Abatement Fund Council, Texas Department of Family and Protective Services, Texas Department of Insurance, Texas Department of Public Safety, Texas Department of Public Safety–Criminal Investigations Division, Texas Department of Public Safety–Regulatory Services Division, Texas Department of Public Safety–Texas Rangers Division, Texas Department of Public Safety–Crime Lab, Texas Department of State Health Services, Texas Drug Utilization Review Board, Texas Health and Human Services Commission, Texas Medical Board, Texas State Board of Dental Examiners, and Texas State Board of Pharmacy.

[3] By Text Order issued August 21, 2023, the District Court granted the parties' request to extend the response and reply deadlines as to the Motion to Quash.

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f).

In determining whether exceptional circumstances exist, "courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017); *see also Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (same). "In contrast to the Committee's 'exceptional circumstances' standard, many courts also have transferred motions to compel based on judicial economy." 9A ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 2463.1 (3d ed. April 2023 Update).

### III.  Analysis

The Texas Agencies argue that Defendants Kroger and Albertsons do not show exceptional circumstances, and that the Motion to Transfer should be decided by this Court because "the issue of sovereign immunity of the Nonparty Texas Agencies should properly be addressed by a district court in Texas and, ultimately, by the Fifth Circuit." Dkt. 6 at 2 (cleaned up). The Court is not persuaded by either argument.

First, the Court finds that exceptional circumstances exist to transfer the Motion to Quash to the Northern District of Ohio. The Texas Agencies do not dispute that the Opioid MDL is

"especially complex," and that the Northern District of Ohio overseeing the Opioid MDL has the "greatest familiarity" with the issues in that case. Dkt. 6 at 5. This Court, like others, finds that the complex MDL status of the underlying litigation is an exceptional circumstance weighing strongly in favor of transfer "because the same concerns about orderliness and disruption that led to the consolidation of actions as an MDL in the first place arise with respect to pretrial disputes regarding subpoenas issued in the context of that complex litigation." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017); *see also Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, No. 1:17-MC-0055-LY-AWA, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017) (finding that transfer was in the interest of justice and consistency when the underlying litigation was "a complicated multidistrict litigation involving multiple defendants" and it was "likely that other non-parties will move to quash similar depositions in the future").

> While familiarity with the underlying action will not always justify a transfer, it is a compelling factor in "highly complex" cases where the issuing court is aware of "the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." Further, where the underlying action is a multidistrict litigation, transfer may be warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes.

*In re Niaspan Antitrust Litig.*, No. 15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) (citations omitted).

The Court finds that the Northern District of Ohio is in the best position to make rulings on the scope of discovery and evaluate the relevance of the requested documents. Any ruling by this Court on the Motion to Quash has the potential to disrupt the court's management of the Opioid MDL, both procedurally and substantively. The issues presented in the Texas Agencies' Motion to Quash likely have been or will be presented to the Northern District of Ohio in other discovery motions, and a ruling by this Court would create the risk of creating inconsistency in the MDL. "Uniformity

of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties." *Visionworks*, 2017 WL 1611915, at * 2. A transfer will "'avoid disrupting the issuing court's management of the underlying litigation,' and enable resolution of fundamental issues underlying this matter." *In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23, 26 (D.D.C. 2018) (quoting FED. R. CIV. P. 45(f) advisory committee's notes).

The Court also disagrees with the Texas Agencies that "a district court in Texas" must rule on their sovereign immunity defense. The Texas Agencies contend that this discovery dispute "is centered around the Fifth Circuit's holding" in *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). Dkt. 6 at 12. In *Russell*, the Fifth Circuit held that state sovereign immunity applied to bar third-party subpoenas served on 17 Texas felony judges in their official capacities in federal court litigation. *Id.*, 49 F.4th at 514-15. The Texas Agencies contend that: "The bounds of sovereign immunity of Texas state agencies following the Fifth Circuit's recent holding in *Russell* should be determined in this Court and appealed to the Fifth Circuit." Dkt. 6 at 5. Defendants argue in reply that: "Both this Court and the Northern District of Ohio can apply Fifth Circuit precedent, if applicable." Dkt. 7 at 3.

The Northern District of Ohio is just as capable of interpreting the United States Constitution as this Court. The doctrine of state sovereign immunity "is commonly distilled to the proposition that individuals may not sue a state—either in its own courts, courts of other states, or federal courts—without the state's consent." *Russell*, 49 F.4th at 512. It is one of the oldest and most well-established legal doctrines under our Constitution. "[T]he States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution," and the Eleventh Amendment confirmed sovereign immunity as a constitutional principle. *Alden v. Maine*, 527 U.S. 706, 713, 728-29 (1999). Federal courts routinely apply the

doctrine of state sovereign immunity. The Court discerns no issue presented by the subpoenas at issue on which only federal courts in Texas should rule. The Court also finds that the Texas Agencies will not be unduly prejudiced by transfer of the Motion to Quash to the Northern District of Ohio.

The Court concludes that transfer of the Motion to Quash is warranted to avoid disrupting the issuing court's management of the underlying multidistrict litigation and to foster the interests of fairness, consistency, judicial economy, and speed of resolution. These interests outweigh the interests of the Texas Agencies in obtaining local resolution of the Motion.

### IV.     Conclusion

For these reasons, Defendants' Motion to Transfer (Dkt. 2) under Rule 45(f) is **GRANTED**. **IT IS HEREBY ORDERED** that the Non-Party Texas Agencies' Joint Motion to Quash Deposition Subpoenas and Subpoenas *Duces Tecum* (Dkt. 1) is **TRANSFERRED** to the United States District Court for the Northern District of Ohio.

**IT IS FURTHER ORDERED** that this cause of action is **CLOSED**.

**SIGNED** on August 30, 2023.

                                                                                    _____
                                                                                    SUSAN HIGHTOWER
                                                                                    UNITED STATES MAGISTRATE JUDGE